UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

Bright Head LLC

                      Plaintiff,

v.

Case No.: 1:25−cv−11144

Honorable John Robert Blakey

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, September 30, 2025:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff has sued 48 separate defendants alleging patent infringement, see [5], [5−1]. But such joinder appears to run afoul of 35 U.S.C. § 299, which provides that "parties that are accused infringers may be joined in one action as defendants... only if−− (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." Id. § 299(a). The statute specifically provides that "accused infringers may not be joined in one action as defendants... based solely on allegations that they each have infringed the patent or patents in suit."; Id. § 299(b). Plaintiff's complaint, which lumps all defendants together, alleges that "e−commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. [5] at 5. But the conclusion does not necessarily follow from the alleged facts; it is equally plausible that each online retailer set up shop in the same or similar manner. See, e.g., Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 334 F.R.D. 182, 188−89 (N.D. Ill. 2020). Plaintiff alleges that joinder remains proper because exhibits attached to the complaint show that the case involves "nearly identical products which infringe upon Plaintiff's Patent sold by a single entity or group of entities." [5] at 28. But the exhibits actually do not support this allegation; they show a variety of images that are similar, but not identical. See [5−3]. Additionally, as the complaint makes clear, Plaintiff cannot say whether defendants are operating the stores selling infringing products individually or jointly. See [5] at 12. At best, Plaintiff's exhibits show that each defendant may be infringing, not that they are infringing in a manner that justifies joinder under § 299. See [6] [10]. Accordingly, the Court dismisses

Plaintiff's complaint for improper joinder. The Court grants Plaintiff's motion to seal [4] and strikes the 10/1/25 Notice of Motion date. If Plaintiff can, consistent with its obligations under Rule 11, allege additional facts to support the joinder of all 48 defendants in this single action, it may file an amended complaint by 10/22/25. If Plaintiff elects to proceed, it should also consider its allegations relating to personal jurisdiction as to each defendant; the mere maintenance of a website accessible in Illinois remains insufficient to confer personal jurisdiction. See, e.g., Am. Bridal & Prom Indus. Ass'n, Inc. v. The Partnerships & Unincorporated Associations Identified on Schedule A, 192 F. Supp. 3d 924, 93435 (N.D. Ill. 2016) (simply alleging the existence of purported counterfeiting via an interactive website is not enough, by itself, to confer personal jurisdiction); Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 803 (7th Cir. 2014) ("Having an interactive website... should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible."); Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, No. 20–CV–5338, 2021 WL 825668, at *3 (N.D. Ill. Mar. 4, 2021) (screenshot evidence showing that an order could be placed by an Illinoisan, "amounts to nothing more than maintaining an interactive website that is accessible in Illinois," and "that alone cannot confer personal jurisdiction."). Consistent with this Court's standing order, Plaintiff must also provide courtesy copies of any filing that has attached to it exhibits totaling 50 or more pages. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.